IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CALLENDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-364 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

　　Pro se Plaintiff Paul Callender brings this action against the State of New Jersey alleging violation of his due process and equal protection of the law, seeking $300,000 in compensation to remedy an unfavorable decision by the New Jersey Appellate Court and trial court in a medical malpractice case. Because Plaintiff seeks to bring this action in forma pauperis, the Court has an obligation to screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

　　1.　Because Plaintiff's application discloses that he is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.

　　2.　Section 1915(e)(2)(B) requires the Court to screen the Plaintiff's Complaint and to dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief

against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting 1915(e)(2)'s predecessor, the former § 1915(d)).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

3.   Plaintiff's Complaint, on its face, suffers from a lack of subject matter jurisdiction and must be dismissed. Plaintiff's Complaint is barred, in turn, by a lack of diversity jurisdiction, by Eleventh Amendment immunity, and by the Rooker-Feldman doctrine.

4.   As courts of limited jurisdiction, the federal courts may only exercise jurisdiction over cases in which the Constitution and Congress expressly grant them power.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). Because this case presents no federal question for this Court to resolve, subject matter jurisdiction must be predicated upon the diversity of citizenship of the parties.  The diversity statute, 28 U.S.C. § 1332(a), provides

that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and, and is between ... citizens of different States." The statute requires complete diversity among the parties: in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. See Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553, (2005); Zambelli, 592 F.3d at 419. A natural person is deemed to be a citizen of the state where he is domiciled. See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir.2008) (citing Gilbert v. David, 235 U.S. 561, 569 (1915)). Plaintiff provides a Post Office box in Atlantic City, New Jersey as his address; as such, he is presumed to be domiciled in New Jersey. As a citizen of the same state as the Defendant, the State of New Jersey, there is no diversity of citizenship, and without diversity of citizenship, this Court is without subject matter jurisdiction to hear Plaintiff's case.

    5.    Furthermore, the Eleventh Amendment bars Plaintiff's case. The Eleventh Amendment to the United States Constitution makes states immune from lawsuits seeking monetary damages brought by their own citizens or by citizens from other states unless the state consents to be sued or Congress otherwise abrogates the state's sovereign immunity. Hans v. Louisiana, 134

U.S. 1 (1890). In this case, Plaintiff can point to no action by Congress or by the State of New Jersey waiving its sovereign immunity and consenting to a suit such as his. Accordingly, sovereign immunity provides a second reason this Court has no jurisdiction to hear Plaintiff's case against the State of New Jersey.

6.  And finally, Plaintiff's Complaint is barred by the Rooker-Feldman doctrine, which precludes federal district courts from reviewing the decisions of state courts. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Federal district courts lack jurisdiction to hear appeals from civil judgments of state courts. Only the Supreme Court can "reverse or modify" state court judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-85 (2005) (citing Rooker, 263 U.S. at 416). This is the third reason this Court is without jurisdiction to hear Plaintiff's Complaint.

7.  An accompanying Order will be entered.

 March 16, 2016                           s/ Jerome B. Simandle  
Date                                      JEROME B. SIMANDLE  
                                          Chief U.S. District Judge

4